IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

DIANE M. BATES, RETHA JONES,
and SANDRA WILLIAMS,

     Plaintiffs,

                        CASE NO.: 2:09-cv-02144-tmp

v.

THE PROCTER AND GAMBLE
MANUFACTURING COMPANY;
and
PROCTER AND GAMBLE
DISTRIBUTING COMPANY,

     Defendants.

## RESPONSE IN OPPOSITION TO MOTION FOR STAY

This case arises from plaintiffs' claims related to the use of defendant's denture cream. Defendant, Proctor and Gamble, has moved the court to stay all proceedings in this case. This motion should be denied.

**Plaintiff has not consented to transfer and consolidation.** The motion to stay is based on a pending motion before the Judicial Panel on Multidistrict Litigation to transfer and consolidate this and other cases. Defendant maintains that all proceedings in this case should be stayed pending resolution of that motion. In defendant's memorandum in support of the motion to stay it is asserted that plaintiffs have agreed to the transfer and consolidation. This is incorrect. Further, the defendant in the present case has opposed the motion for transfer and consolidation.

**Pendency of motion to transfer and consolidate does not require stay.** The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or

suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district. Rules of Procedure of the Judicial Panel on Multidistrict Litigation 1.5. While the court has always has discretion to enter a stay, a stay is not mandatory in this case. When considering such a stay, the district should balance the following factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D.Cal.1997).

**Relevant factors favor denial of motion for stay.** Defendant estimates that the motion to transfer and consolidate will be decided in 60-75 days. But, defendant opposes transfer and consolidation, and this will likely lead to additional delay. In reality, the delay could be substantially longer than estimated by defendant.

In the meantime, a stay would prevent plaintiff from conducting even the most basic discovery. For instance, in its answer defendant has asserted 49 affirmative defenses, including that this court does not have jurisdiction of this case. Under FRCP 11 defendant should have an articulable basis for each of these defenses, and plaintiffs are entitled to know what it is. Plaintiffs have moved the court to permit interrogatories seeking the basis for each defense, and defendant will have to eventually respond regardless of what happens with the motion to transfer and consolidate. In addition, the exhibits submitted with defendant's motion to stay indicate that other cases involving claims related to defendant's denture cream are more advanced than the present case. Defendant has already produced a number of documents in electronic format in these cases. (See Brief In Support of Motion to Transfer, Exhibit A to defendant's Motion to Stay)

A stay would prejudice plaintiffs' ability to take even the first steps toward moving this case to resolution. Denial of a stay will allow basic discovery to proceed. Answering interrogatories that will have to be answered in any event and producing documents that have already been produced in other cases will not cause hardship and inequity to defendant. Finally, allowing basic discovery to proceed in this case will not result in duplicative litigation or waste judicial resources.

Defendant's motion for stay should be denied.

Respectfully submitted,

s/ Paul Berry Cooper III
Paul Berry Cooper III (13196)
Deal, Cooper and Holton, PLLC
296 Washington Avenue
Memphis, Tennessee 38103
(901) 523-2222

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served a true and exact copy of the foregoing document via the Electronic Case Filing system on this 6th day of May, 2009.

s/ Paul Berry Cooper III

3